UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID JIMENEZ,

        Plaintiff,

v.                                                          CASE NO. 8:23-cv-1936-KKM-SPF

THE STATE OF FLORIDA,
THE HONORABLE T.R. PETERS, and
THE HONORABLE NANCY MOE LEY,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2).  Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied, and the Complaint dismissed.[1]

### I.   BACKGROUND

Plaintiff purports to sue Defendants the State of Florida, the Honorable T.R. Peters ("Judge Peters"), and the Honorable Nancy Moe Ley ("Judge Ley"), both of whom are retired state-court judges (Doc. 1 at 1).  In his Complaint, Plaintiff essentially seeks to overturn his state-court conviction.  From what can be discerned, Plaintiff primarily takes issue with the manner in which certain evidentiary matters were handled at his state-court trial.

---

[1] The Court notes that Plaintiff has already filed an identical complaint in a separate cause of action in the Middle District of Florida.  *See Jimenez v. State of Florida, et al.*, No. 8:23-cv-1753-SDM-TGW.  That Complaint was also dismissed on November 22, 2023.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[2] Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

> allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

## III.   ANALYSIS

First, the Court notes that Plaintiff has not identified any grounds for suing Defendants Judge Peters and Judge Ley. Judges are entitled to absolute judicial immunity for those acts performed within the function of their judicial office, and they may not be sued for the actions they took in their official role. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The law is clear that judicial immunity applies when "(1) 'the judge deal[t] with the plaintiff in his judicial capacity' and (2) the judge did not act 'in the clear absence of all jurisdiction.'" *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) (quoting *Dykes v. Hosemann,* 776 F.2d 942, 945 (11th Cir. 1985) (en banc)).

Moreover, "[t]he immunity applies even when the judge's conduct 'was in error, was done maliciously, or was in excess of his authority ....'" *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quoting *Stump*, 435 U.S. at 356-57). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.... This immunity applies even when the judge is

accused of acting maliciously and corruptly…." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  The Court notes that Plaintiff's complaint lacks any specific allegation that Judge Peters or Judge Ley acted outside the function of their judicial office.  As such, Judge Peters and Judge Ley are afforded immunity from this lawsuit.

Plaintiff has also not identified any valid basis to sue the State of Florida.  The Eleventh Amendment "immunizes an unconsenting state from suits brought in federal court" by private citizens. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)).  A federal court may not exercise jurisdiction over a suit filed by a citizen against a state unless "the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity." *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 495 (11th Cir. 2017) (citing *Cross v. State of Ala.*, 49 F.3d 1490, 1502 (11th Cir. 1995)).  Here, Plaintiff is attempting to sue the State of Florida but does not explain why sovereign immunity under the Eleventh Amendment would not bar his claims.  The Court finds Plaintiff's claims are barred by the Eleventh Amendment and should be dismissed as frivolous under § 1915. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990) (noting "the absolute immunity of the defendant would justify the dismissal of the claim as frivolous").

In addition, Plaintiff's claims are be barred by the *Rooker-Feldman*[3] doctrine.  Under the *Rooker-Feldman* doctrine, federal courts generally may not review final judgments rendered by state courts. *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*); *see Nicholson*

---

[3]  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*v. Shafe*, 558 F.3d 1266, 1278-79 (11th Cir. 2009) (finding the *Rooker-Feldman* doctrine inapplicable if the state proceedings remain ongoing at the time the federal action is filed). The Supreme Court has noted the *Rooker-Feldman* doctrine arises in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment. *Coreno v. One W. Bank FSB*, 617 Fed. App'x. 928, 929-30 (11th Cir. 2015). A claim filed in federal court is inextricably intertwined with a state court judgment if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Id.* The *Rooker-Feldman* doctrine bars this Court from reviewing the merits of a state court judgment.[4]

Plaintiff's Complaint also makes multiple references to 18 U.S.C. § 157, a criminal statute prohibiting fraudulent actions in bankruptcy proceedings. To the extent Plaintiff attempts to enforce this statute, Plaintiff lacks standing to impose criminal liability upon Defendants. *See Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 295 (11th Cir. 2007) ("Williams has no standing to invoke § 1113 because it is a criminal statute . . . ."); *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (citation omitted); *see*

---

[4] To the extent Plaintiff attempts to challenge his state-court conviction pursuant to 28 U.S.C. § 2254, the Court notes that Plaintiff has already filed two petitions for habeas corpus, one of which was resolved on the merits, *Jimenez v. Sec'y, Fla. Dep't Corrs.*, No. 8:19-cv-684-MSS-AEP (M.D. Fla.), and one of which was dismissed for lack of jurisdiction due to being an improper successive petition. *Jimenez v. Fla.*, No. 8:23-cv-306-MSS-TGW (M.D. Fla.). Thus, to the extent Plaintiff attempts to again seek relief under § 2254, this petition would fail for the same reason.

*also Azam v. Ruzicka and Wallace LLP*, No. SACV 14-226-JLS (RNB), 2015 WL 13918078, at *3 (C.D. Cal. Sept. 10, 2015) ("Because 18 U.S.C. § 157 is a criminal statute with no private cause of action, Azam is unable to enforce this statute.").

Finally, Plaintiff's Complaint should also be dismissed as an impermissible shotgun pleading. The failure to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a shotgun pleading, often violative of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b) of the Federal Rules of Civil Procedure requires a party to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense" when doing so promotes clarity. Fed. R. Civ. P. 10(b). Plaintiff's Complaint fails to meet these requirements.

Plaintiff's Complaint also fails to identify "which allegations of fact are intended to support which claim(s) for relief" with sufficient clarity to enable Defendants to frame a responsive pleading. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). And finally, Plaintiff's Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at

1323.  For these reasons, Plaintiff's Complaint violates Rule 8(a)(2), and Defendants lack adequate notice of the claims against them and the grounds upon which each claim rests. *See id.*; Fed. R. Civ. P. 8(a)(2).

## IV.  CONCLUSION

For these reasons, the undersigned recommends that Plaintiff's Complaint (Doc. 1) be dismissed with prejudice.  While, ordinarily, a party should be given at least one opportunity to amend,[5] given the nature of Plaintiff's allegations and history of filing similar complaints, it does not appear that Plaintiff could state a valid, nonfrivolous claim for relief that is plausible on its face if given the opportunity to amend.

Accordingly, it is hereby

**RECOMMENDED**:

1.      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied.

2.      Plaintiff's Complaint (Doc. 1) be *sua sponte* dismissed with prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on February 1, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings

---

[5] *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.