UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID JIMENEZ,

    Plaintiff,

v.                                             Case No. 8:23-cv-01936-KKM-SPF

THE STATE OF FLORIDA,
THE HONORABLE T.R. PETERS, and
THE HONORABLE NANCY MOE LEY,

    Defendants.
_____

## ORDER

On February 1, 2024, the Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff David Jimenez's complaint be dismissed with prejudice and his motion to proceed In Forma Pauperis be denied. *See* Compl. (Doc. 1); IFP (Doc. 2); R&R (Doc. 6). The Clerk mailed a copy of the Report and Recommendation to Jimenez the same day. Jimenez's deadline to object to the Magistrate Judge's Report and Recommendation has passed without either party lodging an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 6(d). Considering the record, the Court adopts the Report and Recommendation for the reasons stated therein and dismisses Jimenez's

complaint with prejudice. The Court also denies Jimenez's motion to proceed in forma pauperis and other motions for clarification.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation in full. The Report and Recommendation concluded that amendment would be futile for four reasons: First, Jimenez has not alleged, and appears unable to allege in an amendment that would relate back, facts that would allow him to overcome the judicial defendants' absolute immunity from suit. R&R at 3–4. Second, to the degree Jimenez seeks to obtain review of a final state court judgment in his criminal case, his claims are barred by the *Rooker-Feldman* doctrine. *Id.* at 4–5. Third, if Jimenez intends to challenge his state criminal conviction, a petition

under 28 U.S.C. § 2254 is the appropriate procedural vehicle (which he has already done twice and was denied relief). *Id.* at 5 n.4. Fourth, Jimenez has not identified any plausible basis on which to sue the State of Florida that would not contravene the Eleventh Amendment. *Id.* at 4.

The Report and Recommendation also recommends dismissing the complaint as a shotgun pleading. R&R at 6–7. Although shotgun pleading problems cannot justify a dismissal with prejudice absent at least one opportunity to amend the complaint, I agree with the Report and Recommendation that Jimenez's complaint is a prototypical shotgun pleading: it fails to subdivide claims into separate counts, appears to assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," and generally fails to provide Defendants with "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Indeed, Jimenez's nearly identical earlier civil action was dismissed for all the same reasons as the Magistrate Judge recommended here. *See Jimenez v. State of Florida*, No. 8:23-cv-1753 (M.D. Fla. Nov. 22, 2023).

Finally, as an alternative basis from the Report and Recommendation, dismissal with prejudice is warranted given Jimenez's failure to comply with court orders. The Court twice ordered Jimenez to file a Certificate of Interested Persons and Corporate Disclosure

3

Statement identifying parties and interested corporations in which any assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. *See* Civil Case Standing Order (Doc. 4) at 2; (Doc. 11). Jimenez has never attempted to comply. As Jimenez has proven himself capable of filing other items on the docket, *see* (Docs. 5, 8–9), the decision to ignore the Court's repeated orders represents "a clear pattern of delay or willful contempt." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015). Given this context, I find that lesser sanctions than dismissal would not suffice. *Id.*

    Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 6) is **ADOPTED** and made a part of this Order for all purposes.

2. Jimenez's Complaint (Doc. 1) is **DISMISSED with prejudice.** The Clerk is directed to enter judgment, which shall read "This case is dismissed with prejudice," to terminate any pending motions and deadlines, and to **CLOSE** this case.

3. Jimenez's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED.**

4. Jimenez's Motions for Clarification (Docs. 5, 9) are **DENIED as moot**.

    **ORDERED** in Tampa, Florida, on February 29, 2024.

*[Signature: Kathryn Kimball Mizelle]*
Kathryn Kimball Mizelle
United States District Judge